UNITED STATES, Appellee,

v.

**Clifford M. OVERTON, Gunnery Sergeant U.S. Marine Corps, Appellant.**

No. 53,512

NMCM 84 4445

U.S. Court of Military Appeals.

July 27, 1987.

For Appellant: *Major James Carlsen,* USMC (argued); *Lieutenant Commander James J. Quigley,* JAGC, USN and *Lieutenant Leonard R. Cleavelin,* JAGC, USNR (on brief).

For Appellee: *Major F. F. Krider,* USMC (argued); *Commander Michael P. Green,* JAGC, USN and *Captain Robert T. Maguire,* USMCR (on brief); *Captain Carl H. Horst,* JAGC, USN and *Captain Wendell A. Kjos,* JAGC, USN.

*Amicus Curiae:*

Eugene R. Fidell, Esq. (argued); Arthur B. Spitzer, Esq.—For the American Civil Liberties Union Fund of the National Capital Area.

*Opinion of the Court*

SULLIVAN, Judge:

Appellant was tried by a general court-martial composed of a military judge alone at the Naval Legal Service Office, Subic Bay, Republic of Philippines, during June 1984. Contrary to his pleas, he was found guilty of three specifications of conspiracy to commit larceny of various consumer

electronic items from the Navy Exchange, in violation of Article 81, Uniform Code of Military Justice, 10 U.S.C. § 881. He was also found guilty of four specifications of larceny of various consumer electronic items from the Navy Exchange during October 1983, in violation of Article 121, UCMJ, 10 U.S.C. § 921. Appellant was sentenced to a dishonorable discharge and forfeiture of all retainer pay. The convening authority approved the sentence as adjudged. The Court of Military Review affirmed on August 30, 1985. 20 M.J. 998.

This Court granted review on the following questions of law:

I

WHETHER ARTICLE 2(a)(6) OF THE UNIFORM CODE OF MILITARY JUSTICE, AS APPLIED TO APPELLANT, IS AN UNCONSTITUTIONAL ENCROACHMENT UPON THE "JUDICIAL POWER OF THE UNITED STATES" AS VESTED IN THE COURTS ESTABLISHED PURSUANT TO ARTICLE III OF THE CONSTITUTION.

II

WHETHER A COURT–MARTIAL LACKS SUBJECT–MATTER JURISDICTION OVER APPELLANT BECAUSE THE OFFENSES CHARGED WERE NOT "SERVICE–CONNECTED."

Resolving these questions against appellant, we affirm the findings of guilty and sentence. *See United States v. Bowie*, 14 U.S.C.M.A. 631, 34 C.M.R. 411 (1964); *United States v. Hooper*, 9 U.S.C.M.A. 637, 26 C.M.R. 417 (1958).

■ The facts necessary to deciding these issues were found by the Court of Military Review. It stated:

The appellant first enlisted in the Marine Corps on 27 May 1956 and served continuously until 2 July 1978 (a period exceeding 22 years), when he was transferred to the U.S. Fleet Marine Corps Reserve. He commenced working as a civilian employee of the U.S. Government at the Naval Station, Subic Bay, in May 1982.

In September of 1983 a security guard at the Subic Bay area Navy Exchanges, Mr. Alvin L., was solicited to join a group of persons who were stealing items from various Navy Exchange facilities apparently for sale on the black market to individuals not eligible for purchase of the goods through normal channels. Mr. L pretended interest in the proposition but in fact reported the matter to a Naval Investigative Service (NIS) agent with whom he was acquainted. At the suggestion of his NIS contact, Mr. L played along with the scheme, which functioned through false documentation, manipulation of records, and illicit removal of goods from Navy Exchange premises with the cooperation of security guards who were "on the take." Eventually the agents sprung a trap, based on Mr. L's information, and apprehended the appellant while he was transporting stolen goods in his automobile. Permission of the Secretary of the Navy was sought and received to try the appellant at court-martial pursuant to section 0116, JAG Manual, and the case was subsequently referred to general court-martial. Before trial commenced the appellant filed a petition for extraordinary relief with the Court of Military Appeals (C.M.A.), requesting an order, *inter alia*, to cease and desist from his further prosecution. Trial commenced but in its course C.M.A. first stayed further proceedings and then vacated that stay. At trial the appellant vigorously contested jurisdiction over him. He admitted that he was receiving retainer pay for his service in the Fleet Marine Corps Reserve but pointed out that he had never been "recalled to active duty" or required to train or drill in connection with his duties as a member of the Fleet Marine Corps Reserve, to take any correspondence course, or to do anything else to keep his military status current. Nevertheless, the military judge found jurisdiction pursuant to Article 2(a)(6), UCMJ.

Unpub. op. at 1–2.

Article 2(a)(6), UCMJ, 10 U.S.C. § 802(a)(6), provides that "[m]embers of

the Fleet Reserve and the Fleet Marine Corps Reserve" are subject to the Uniform Code of Military Justice and therefore to court-martial jurisdiction. It is uncontroverted that appellant was a member of the Fleet Marine Corps Reserve at the time of these offenses and his court-martial. Nevertheless, appellant asserts that Article 2(a)(6) is an unconstitutional exercise of power by Congress which cannot lawfully authorize his trial by court-martial. *See generally United States ex. rel. Toth v. Quarles*, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955). We disagree.

Appellant voluntarily joined the Fleet Marine Corps Reserve. 10 U.S.C. § 6330(a)(2). He was "[a]n enlisted member of the Regular Marine Corps... who ha[d] completed 20 or more years of active service in the armed forces... [who], at his request,... [was] transferred to the Fleet Marine Corps Reserve." 10 U.S.C. § 6330(b). As such, he was subject to being

ordered by competent authority to active duty without his consent—

(1) in time of war or national emergency declared by Congress, for the duration of the war or national emergency and for six months thereafter;

(2) in time of national emergency declared by the President; or

(3) when otherwise authorized by law.

10 U.S.C. § 6485(a). In addition, he was also subject to the following provision of § 6485:

(b) In time of peace any member of the leet Reserve or the Fleet Marine Corps Reserve may be required to perform not more than two months' active duty for training in each four-year period.

Finally, as a member of the Fleet Reserve and Fleet Marine Corps Reserve, he received "retainer pay" computed on the "basic pay ... received at the time of transfer" to the Fleet Reserve or Fleet Marine Corps Reserve and "years of active service." 10 U.S.C. § 6330(c)(1).

Congress, in its wisdom, has decided that court-martial jurisdiction may be exercised over members of the Fleet Marine Corps

Reserve. *Cf. Duncan v. Usher*, 23 M.J. 29 (C.M.A. 1986). This grant of jurisdiction is neither novel nor arbitrary. *See generally* Bishop, *Court-Martial Jurisdiction Over Military-Civilian Hybrids: Retired Regulars, Reservists, and Discharged Prisoners*, 112 U. Pa. L. Rev. 317, 331–40 (1964). Although some civilian and military leaders have expressed doubt with respect to the wisdom of this judgment, *see* Blair, *Court-Martial Jurisdiction Over Retired Regulars: An Unwarranted Extension of Military Power*, 50 Geo. L. J. 79 (1961), we do not. *See United States v. Cole*, 24 M.J. 18, 22 (C.M.A. 1987). *See generally Goldman v. Weinberger*, 475 U.S. 503, 106 S. Ct. 1310, 1313, 89 L.Ed.2d 478 (1986). This type of exercise of court-martial jurisdiction has been continually recognized as constitutional. *See McCarty v. McCarty*, 453 U.S. 210, 221–22, 101 S.Ct. 2728, 2735–36, 69 L.Ed.2d 589 (1981); *United States v. Tyler*, 105 U.S. (15 Otto) 244, 246, 26 L.Ed.2d 985 (1882); *United States v. Bowie* and *United States v. Hooper*, both *supra*. *See generally* Notes and Comments, *The Retired Regular Officer: Status, Duties, and Responsibilities*, 26 A.F. JAG L. Rev. 111 (1987). Appellant has not persuaded us today to the contrary.

◼ The second question we will decide is whether the offenses for which appellant was found guilty were properly tried by court-martial. *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.3d 291 (1969). Jurisdiction at the time of this trial depended on whether the offenses were service connected. *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975). *See generally United States v. Abell*, 23 M.J. 99 (C.M.A. 1986). Examination of the offenses in light of the factors articulated in *Relford v. Commandant*, 401 U.S. 355, 365, 91 S.Ct. 649, 655, 28 L.Ed.2d 102 (1971), clearly establish court-martial jurisdiction.

We first note that the offenses were committed on a military base, United States Naval Station, Subic Bay. Moreover, this Naval Station was located outside our

territorial limits in the Republic of the Philippines. The property which was the subject of these offenses was owned by the United States Government and offered for sale in the Navy Exchange. The military judge took judicial notice of the fact that the profits from the Navy Exchange were directed towards the Morale and Recreation Fund which directly benefited servicemembers on the Naval Station. This was a

crime against property on the base, and it is, therefore, service connected. *Relford v. Commandant, supra* at 369, 91 S.Ct. at 657. *

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.

---

* The same result would be reached if the recent decision of the Supreme Court in *Solorio v. United States*, __ U.S. __, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987), is retroactive. *See generally Gosa v. Mayden*, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973).