Master Sergeant (Retired) Jon R.
**PEARSON FR 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,**
**Petitioner,**

v.

**Colonel Stephen R. BLOSS Military
Judge, Respondent.**

**Miscellaneous Dkt. No. 89-01.**

U.S. Air Force Court of Military Review.

1 May 1989.

---

2. The Government's MOTION TO SUBMIT DOCUMENTS is granted.

Before Panel Three, FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

FORAY, Senior Judge:

Petitioner retired from active duty with the Regular Air Force on 30 October 1987, after more than twenty but less than thirty years of service and is entitled to pay. On 30 August 1988, charges were preferred against him alleging two offenses of conspiracy to commit larceny; three offenses of conspiracy to dispose of military property without authority; four offenses of unauthorized disposition of military property; four offenses of larceny of military property; and one offense of concealing stolen military property, in violation of Articles 81, 108, 121, and 134, UCMJ, 10 U.S.C. §§ 881, 908, 921, 934, respectively. All the offenses were alleged to have been committed during the period from 30 August 1986 to 31 March 1988, while petitioner was either on active duty or retired. All specifications contain the personal jurisdictional statement that petitioner is "a retired member of a regular component of the armed forces who is entitled to pay." The charges were referred to trial by general court-martial on 25 November 1988, and the trial of the case commenced on 7 February 1989.

At trial, prior to arraignment, petitioner submitted several motions for dismissal of all the charges alleging that, because of his status as a retired military member, the court-martial was without jurisdiction to try him. Specifically, these motions asserted:

UCMJ ARTICLE 2(a)(4), 10 U.S.C. § 802(a)(4) IS UNCONSTITUTIONAL.

RETIRED ENLISTED MEMBERS ARE NOT IN THE ARMED FORCES AND ARE THUS NOT SUBJECT TO COURT-MARTIAL JURISDICTION.

The military judge made certain findings with regard to these motions before denying each one. He found that Article 2(a)(4) is constitutional and that retired enlisted members are members of the "land and naval forces" and, therefore, subject to court-martial jurisdiction. The military judge also denied petitioner's motion for a continuance of the court-martial proceedings in order to allow him to petition this Court or the Court of Military Appeals for extraordinary relief in the nature of a Writ of Prohibition. However, the military judge did, for other reasons, continue the trial of the case until 13 March 1989.

On 8 March, during the continuance, petitioner submitted to this Court a Petition For Writ of Extraordinary Relief "prohibiting the trial of *United States v. Pearson* from commencing on 13 March 1989" and dismissing all the charges against him. In his petition, he questions the jurisdiction of

the court-martial to try him for substantially the same reasons he advanced at trial. Additionally, he asks "does the 'status test' for court-martial jurisdiction, established in *Solorio v. United States*, 483 U.S. 435, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987), prevent the extension of court-martial jurisdiction over military retirees who have severed their connection to the active duty military?"

On 8 March, this Court ordered respondent to show cause why the requested relief in the nature of prohibition should not be granted. In addition, we ordered a stay in the general court-martial proceedings in petitioner's case pending resolution of the Petition For Extraordinary Relief.

I

Generally, a writ of prohibition is that process by which a superior court prevents an inferior court which possesses judicial powers from exceeding its jurisdiction over which it has cognizance or usurping matters not within its jurisdiction. Henry Campbell Black, *Black's Law Dictionary* (1979).

In the federal judicial system, the authority of a superior court to grant extraordinary relief from a ruling or judgement of a subordinate court has generally been founded upon the All Writs Act, 28 U.S.C. § 1651(a). The Act authorizes "all courts established by ... Congress" to issue "writs necessary or appropriate in aid of their respective jurisdictions." The Court of Military Review is a court created by Congress, pursuant to Article 66, UCMJ, 10 U.S.C. § 866, to perform appellate functions and, therefore, also authorized to grant extraordinary relief pursuant to the All Writs Act. *Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979); *United States v. Mahoney*, 24 M.J. 911 (A.F.C.M.R.1987). *See McPhail v. United States*, 1 M.J. 457 (C.M.A.1976).

■■■ The issuance of a writ of prohibition is a drastic remedy which should only be invoked in those situations which are truly extraordinary. A truly extraordinary situation warranting consideration of such a petition would be one where petitioner

has raised substantial questions concerning the right of the military justice system to exercise jurisdiction over him. *Unger v. Ziemniak*, 27 M.J. 349 (C.M.A.1989); *United States v. Caputo*, 18 M.J. 259 (C.M.A. 1984); *Murray v. Haldeman*, 16 M.J. 74 (C.M.A.1983); *United States v. Labella*, 15 M.J. 228 (C.M.A.1983). Under the circumstances presented to us by petitioner, we find it appropriate to exercise our jurisdiction in this matter and consider his claims.

II

The Government's authority to refer the charges against petitioner was founded on Article 2(a)(4), UCMJ, which makes retired members of a regular component of the armed forces who are entitled to pay subject to the Code. Within the Air Force, such retired persons "will not be tried by court-martial unless their conduct clearly links them with the military or is adverse to the United States." In any event, trial of retired persons may not commence without the approval of the Secretary of the Air Force. Air Force Regulation 111–1, *Military Justice Guide* (30 September 1988), paragraph 3–5.

In *United States v. Hooper*, 9 U.S.C.M.A. 637, 26 C.M.R. 417 (1958), the accused was a former officer of the Regular Navy who had been transferred to the Regular Navy retired list in 1948. While in that latter status he committed certain offenses in violation of Articles 125, 133, and 134, 10 U.S.C. §§ 925, 933. These charges were referred to trial by general court-martial and led to his conviction and sentence to dismissal and total forfeitures.

As in the case before us, the court-martial in *Hooper* relied upon Article 2(a)(4), UCMJ, as the basis for jurisdiction over him. At trial, Hooper unsuccessfully interposed a challenge to the jurisdiction of the court-martial to try him and renewed that challenge on appeal. The final phase of Hooper's argument on appeal concerning jurisdiction raised the applicability of the Fifth Amendment to the constitution. That amendment provides:

No person shall be held to answer for a capital, or otherwise infamous crime, un-

less on a presentment or indictment of a Grand Jury, *except in cases arising in the land or naval forces*, or in the militia, when in actual service in time of war or public danger; .... (Emphasis added.)

The Court of Military Appeals had for its resolution the problem of whether or not Hooper, as a retired member of a regular component of the Armed Forces entitled to receive pay, was a part of the "land or naval forces." The Court concluded, after citing numerous precedents, that retired personnel are a part of the land and naval forces and, as such, court-martial jurisdiction necessarily attaches to them. The Court stated:

Officers on the retired list are not mere pensioners in any sense of the word. They form a vital segment of our national defense for their experience and mature judgement are relied upon heavily in times of emergency. The salaries they receive are not solely recompense for past services, but a means devised by Congress to assure their availability and preparedness in future contingencies. This preparedness depends as much upon their continued responsiveness to discipline as upon their continued state of physical health. Certainly, one who is authorized to wear the uniform of his country, to use the title of his grade, who is looked upon as a model of the military way of life, and who receives a salary to assure his availability, is a part of the land and naval forces.

Petitioner contends that, if Article 2(a)(4) is constitutional, the *Hooper* case is distinguishable from his situation because the rationale of that case does not apply to retired enlisted members of the armed forces. He claims that "it is difficult to see any effect the activities of a retired Master Sergeant (E–7) leading a private life after retirement would have" on morale and discipline of "active troops."

In *United States v. Bowie*, 14 U.S.C.M.A. 631, 34 C.M.R. 411 (1964), the Court of Military Appeals considered the general court-martial conviction of a former enlisted member who had been relieved from active duty in August 1961, placed on the Temporary Disability Retired List, and thereafter committed offenses that lead to his conviction. The Court held that retired persons of the regular component of the armed forces who are entitled to receive pay are, pursuant to Article 2(a)(4), subject to the Uniform Code of Military Justice and to trial by courts-martial for offenses committed in violation of any of its provisions. Referring to *Hooper*, the Court went on to say, "We were not then persuaded that Congress acted unconstitutionally in subjecting retired personnel to the Uniform Code."

The Court also dismissed the claim by *Bowie* that a retiree for physical disability is not subject to the provisions of Art 2(a)(4), because of the relative unlikelihood of the retiree being recalled to active duty, even in time of a national emergency, as would a person retired for length of service. The Court stated:

In any event, the Uniform Code does not distinguish between retirees, on the basis of the reason for retirement; all retirees receiving pay are subject to its provisions. As we noted in the *Hooper* case, there are no "limitations or conditions put upon the exercise of the jurisdiction" over this class of persons.

34 C.M.R. at 412.

In *United States v. Overton*, 24 M.J. 309 (C.M.A.1987), The Court of Military Appeals granted review of the question as to whether Article 2(a)(6), UCMJ, as applied to the appellant in that case, was an unconstitutional encroachment upon the "judicial power of the United States" as vested in the courts established pursuant to Article III of the Constitution. Article 2(a)(6), subjects members of the Fleet Reserve and Fleet Marine Corps Reserve to court-martial jurisdiction. The Court affirmed the findings of guilty and the sentence in the case, finding that "this type of exercise of jurisdiction has been continually recognized as constitutional," citing *Hooper* and *Bowie* along with other authorities.

A second question facing the Court in *Overton* was whether the court-martial lacked subject matter jurisdiction over the

**768**

appellant because the offenses charged against him were not "service connected." The Court, after examining the offenses in light of the factors outlined in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), found that court-martial jurisdiction was clearly established. In a footnote the Court indicated the same result would have been reached in the case if the recent Supreme Court decision in *Solorio v. United States*, 483 U.S. 435, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987), is retroactive.[1]

 Based upon the foregoing, we find that Article 2(a)(4), UCMJ, is constitutional; that a retired enlisted member of a regular component of the armed forces entitled to pay is a member of the "land or naval forces";[2] and that petitioner, as a member of the "land or naval forces", has

the military status necessary to subject him to trial by court-martial.[3] Thus, the military judge was correct in denying petitioner's motions to dismiss and in ruling that petitioner was subject to trial by court-martial pursuant to Article 2(a)(4), UCMJ. Accordingly, petitioner's Petition For Writ Of Extraordinary Relief is

DENIED.

Judges MICHALSKI and MURDOCK concur.

---

1. *Overton* submitted a Petition for Writ of Certiorari to the United States Court of Military Appeals which was denied by the Supreme Court on 7 December 1987. *Overton v. United States*, 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987).

2. Pursuant to Air Force Regulation 35–7, *Service Retirements* (1 October 1987), paragraph 2–10, the Secretary of the Air Force may order a

retired member of the regular air force to active duty at any time. 10 U.S.C. § 688.

3. In *Solorio v. United States, supra,* the Supreme Court held that the jurisdiction of a court-martial convened pursuant to the Uniform Code of Military Justice depends only on the military status of the accused and not the "service connection" of the offense charged.