Jon R. PEARSON, Master Sergeant,
USAF (Ret.), Appellant

v.

Stephen R. BLOSS, Colonel, USAF
Military Judge, Appellee.

Misc. No. 89–18.
AFCMR Misc. No. 89–01.

U.S. Court of Military Appeals.

Aug. 3, 1989.

For Appellant: *Captain David E. Clark** (argued); *Colonel Richard F. O'Hair, Captain Michael A. Usan,** *Captain Mark R. Land.*

For Appellee: *Lieutenant Colonel Robert E. Giovagnoni* (argued); *Colonel Joe R. Lamport, Major Terry M. Petrie, Major Jeffrey H. Curtis.*

Opinion of the Court

SULLIVAN, Judge:

Appellant, a retired enlisted member of the United States Air Force, asks this Court to review the decision of the United States Air Force Court of Military Review [28 MJ 764 (1989)] denying his petition for extraordinary relief. Rules 4(b)(2) and 27(b), *United States Court of Military Appeals Rules of Practice and Procedure. See generally Unger v. Ziemniak,* 27 MJ 349, 351–54 (CMA 1989). He asserted in his earlier petition for extraordinary relief that court-martial proceedings were unlawfully initiated against him after his retirement, for offenses allegedly committed both before and after his separation from active duty.[1] *See generally United States ex rel. Toth v. Quarles,* 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955). He requested that a writ of prohibition be directed to the military judge conducting this court-martial (appellee herein) to prohibit these proceedings from continuing. *See United States v. Caputo,* 18 MJ 259 (CMA 1984). We resolve this appeal against appellant. *United States v. Overton,* 24 MJ 309 (CMA), *cert. denied,* 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987); *United*

---

* Area Defense Counsel.

1. These thefts of military property allegedly occurred at appellant's old place of duty, the warehouse of Detachment 1, 1810 Communications Group, Norton Air Force Base, California.

*States v. Bowie*, 14 USCMA 631, 34 CMR 411 (1964).

The facts surrounding this writ appeal petition are fully recounted in the opinion of the court below, which states:

Petitioner retired from active duty with the Regular Air Force on 30 October 1987, after more than twenty but less than thirty years of service and is entitled to pay. On 30 August 1988, charges were preferred against him alleging two offenses of conspiracy to commit larceny; three offenses of conspiracy to dispose of military property without authority; four offenses of unauthorized disposition of military property; four offenses of larceny of military property; and one offense of concealing stolen military property, in violation of Articles 81, 108, 121, and 134, UCMJ, 10 U.S.C. §§ 881, 908, 921, 934, respectively. All the offenses were alleged to have been committed during the period from 30 August 1986 to 31 March 1988, while petitioner was either on active duty or retired. All specifications contain the personal jurisdictional statement that petitioner is "a retired member of a regular component of the armed forces who is entitled to pay." The charges were referred to trial by general court-martial on 25 November 1988, and the trial of the case commenced on 7 February 1989.

At trial, prior to arraignment, petitioner submitted several motions for dismissal of all the charges alleging that, because of his status as a retired military member, the court-martial was without jurisdiction to try him. Specifically, these motions asserted:

UCMJ ARTICLE 2(a)(4), 10 U.S.C. § 802(a)(4) IS UNCONSTITUTIONAL. RETIRED ENLISTED MEMBERS ARE NOT IN THE ARMED FORCES AND ARE THUS NOT SUBJECT TO COURT–MARTIAL JURISDICTION.

The military judge made certain findings with regard to these motions before denying each one. He found that Article 2(a)(4) is constitutional and that retired enlisted members are members of the "land and naval forces" and, therefore, subject to court-martial jurisdiction. The military judge also denied petitioner's motion for a continuance of the court-martial proceedings in order to allow him to petition this Court or the Court of Military Appeals for extraordinary relief in the nature of a Writ of Prohibition. However, the military judge did, for other reasons, continue the trial of the case until 13 March 1989.

28 MJ at 765.

Before this Court, appellant has attempted to expand his argument concerning his lack of amenability to court-martial jurisdiction. He now presents the issues as follows:

A: DOES THE LANGUAGE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION, WHICH MANDATES THAT "[N]O PERSON SHALL BE HELD TO ANSWER FOR A CAPITAL, OR OTHERWISE INFAMOUS CRIME, UNLESS ON A PRESENTMENT OR INDICTMENT OF A GRAND JURY, EXCEPT IN CASES ARISING IN THE LAND OR NAVAL FORCES, OR IN THE MILITIA, WHEN IN ACTUAL SERVICE IN TIME OF WAR OR PUBLIC DANGER," REQUIRE THAT, DURING PEACETIME, A RETIRED ENLISTED MEMBER OF THE UNITED STATES AIR FORCE BE INDICTED BY A GRAND JURY BEFORE THE UNITED STATES MAY PROCEED TO TRIAL AGAINST HIM?

B: IS *UCMJ* ARTICLE 2(a)(4) AN UNLAWFUL EXTENSION OF COURT–MARTIAL JURISDICTION IN THAT IT UNCONSTITUTIONALLY ENCROACHES UPON THE JUDICIAL POWER OF THE UNITED STATES AS VESTED IN THE COURTS ESTABLISHED PURSUANT TO ARTICLE III OF THE CONSTITUTION OF THE UNITED STATES?

C: DOES THE "STATUS TEST" FOR COURT MARTIAL JURISDICTION, ESTABLISHED IN *SOLORIO V. UNITED STATES*, [483 U.S. 435,] 107 S.CT. 2924 [97 L.Ed. 364 (1987)], PREVENT THE

EXTENSION OF COURT–MARTIAL JURISDICTION OVER MILITARY RETIREES WHO HAVE SEVERED THEIR CONNECTION TO THE ACTIVE–DUTY MILITARY?

D: DO RETIRED ENLISTED MEMBERS OF THE UNITED STATES AIR FORCE REMAIN PART OF THE AIR FORCE AFTER RETIREMENT?

E: DOES *UCMJ* ARTICLE 2(a)(4) APPLY TO RETIRED ENLISTED MEMBERS OF THE UNITED STATES AIR FORCE?

F: WAS THE MILITARY JUDGE'S DENIAL OF THE DEFENSE MOTIONS TO DISMISS, BASED ON LACK OF JURISDICTION BECAUSE *UCMJ* ARTICLE 2(a)(4) IS UNCONSTITUTIONAL OR, IN THE ALTERNATIVE, THAT IT DOES NOT APPLY TO RETIRED ENLISTED MEMBERS, CORRECT AS A MATTER OF LAW?

G: WAS THE MILITARY JUDGE'S DENIAL OF THE DEFENSE MOTION FOR A CONTINUANCE TO PETITION THE AIR FORCE COURT OF MILITARY REVIEW AND/OR THE UNITED STATES COURT OF MILITARY APPEALS, FOR A *WRIT OF PROHIBITION* AND OTHER EXTRAORDINARY RELIEF AS NECESSARY TO DETERMINE WHETHER THE MILITARY HAS JURISDICTION TO TRY THE ACCUSED, CORRECT AS A MATTER OF LAW?

---

Article 2(a)(4) provides that "[r]etired members of a regular component of the armed forces who are entitled to pay" are subject to the Uniform Code of Military Justice. Appellant first argues that this

statutory provision does not include retired enlisted members like himself. In the alternative, he asserts that, if this statute does include retired enlisted members, it is unconstitutional. All but one of the other questions he has raised in his brief before the Court of Military Review and this Court are restatements of these two arguments in varied forms.[2]

■ Turning first to the statutory question, we note that it is uncontroverted that appellant was a member of a regular component of the United States Air Force (10 USC § 8075(b))[3]; he retired as a master sergeant (10 USC § 8914), and he now receives retired pay (10 USC §§ 8925, 8929, 8991). He clearly meets all the requirements for court-martial jurisdiction expressly provided in Article 2(a)(4). Appellant, however, asserts that this statute should be interpreted as applying only to officers or enlisted members who have not completed 20 years of military service. We must reject this contention which contradicts the express language of Article 2(a)(4) and unjustifiably narrows its intended scope.

Appellant's justification for a narrow interpretation of the express language of Article 2(a)(4) rests on "[a] string of Court of Claims and United States Supreme Court cases." He asserts that these decisions "clearly hold that after retirement, enlisted military members no longer remain part of the military establishment." These cases, however, are not directly on point because they address the application of statutes other than Article 2(a)(4). *See generally Sutherland Stat. Const* § 45.09 (4th ed. 1984 Revision). Moreover, the language employed and construed in these

---

**2.** Issue G raised by appellant was mooted by the stays ordered by the court below, 28 MJ 764, 766; and by this Court on May 25, 1989.

**3.** § 8075. Regular Air Force; composition
(a) The Regular Air Force is the component of the Air Force that consists of persons whose continuous service on active duty in both peace and war is contemplated by law, and of retired members of the Regular Air Force.

(b) The Regular Air Force includes-
(1) the officers and enlisted members of the Regular Air Force;
(2) the professors, registrar, and cadets at the United States Air Force Academy; and
(3) the retired officers and enlisted members of the Regular Air Force. Aug. 10, 1956, c. 1041, 70A Stat. 496; Aug. 6, 1958, Pub.L. 85–600, § 1(13), 72 Stat. 523.

statutes is different from that found in Article 2(a)(4). *Id.* at § 46.06.

For example, in *United States v. Union Pacific Railroad Company,* 249 U.S. 354, 39 S.Ct. 294, 63 L.Ed. 643 (1919), the question at bar was whether retired enlisted men were "troops of the United States" for the purpose of certain land grant acts. In *Murphy v. United States,* 39 Ct.Cl. 178 (1904), the question at issue was whether retired enlisted men were "enlisted men" for purposes of an Army pay-increase statute. *See Murphy v. United States,* 38 Ct.Cl. 511 (1903). Finally, in *Alabama Great Southern Railroad Co. v. United States,* 49 Ct.Cl. 522, 537 (1914), the pertinent inquiry was whether members of the state National Guard, not in Federal service, were "troops" for purposes of a land grant act.

These questions are substantially different from our particular inquiry. As noted above, we are asked whether a retired enlisted member is one of the "retired members of a regular component of the armed forces who are entitled to pay" for purposes of Article 2(a)(4) and court-martial jurisdiction. While the original exercise of court-martial jurisdiction over retired regulars of the Army may have been expressly restricted to officers, that situation clearly changed in 1950 with the introduction of the broad, yet more direct, language of Article 2(4), the predecessor of the statute before us today. *See* Blair, *Court–Martial Jurisdiction Over Retired Regulars: An Unwarranted Extension of Military Power,* 50 Geo.L.J. 79, 80–81 (1961). *Cf.* para. 4(a), Note, Manual for Courts–Martial, U.S. Army, 1921; App. 1 at 274, *Notes* A. W. 2(a), Manual for Courts–Martial, U.S. Air Forces, 1949.[4] Additionally, we are not persuaded that Congress was required to adhere to the purported earlier view of the status of retired enlisted members of the Army and Air Force, and it has not done so in subsequent legislation, including Article 2(a)(4). *See* 10 USC § 8914, enacted in 1956.

■ The more difficult constitutional question raised by appellant is substantially resolved by the decision of this Court in *United States v. Overton,* 24 MJ 309. *See In re Haynes* 679 F.2d 718, 719 (7th Cir.), *cert. denied,* 459 U.S. 970, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982). *Overton* involved a member of the Fleet Marine Corps Reserve and court-martial jurisdiction over military-related offenses under Article 2(a)(6). For several reasons, we held that Congress' decision to exercise court-martial jurisdiction over individuals in this status was constitutional. *Id.* at 311. The same reasoning applies to their compatriots in the Air Force. Art. 2(a)(4); *see United States v. Bowie,* 14 USCMA 631, 34 CMR 411. *See generally* Bishop, *Court–Martial Jurisdiction Over Military–Civilian Hybrids: Retired Regulars, Reservists, and Discharged Prisoners,* 112 U. Pa. L. Rev. 317, 356 (1964).

This similarity of status is reflected in different statutes applicable to retired enlisted members of each service. For example, 10 USC § 6330(b) for the Navy and Marine Corps Fleet Reserves is comparable to 10 USC § 8914 for the Retired Reserve of the Air Force. The latter provision states:

Under regulations to be prescribed by the Secretary of the Air Force, an enlisted member of the Air Force who has at least 20, but less than 30, years of service computed under section 8925 of this title may, upon his request, be retired.

4. The legislative history of the predecessor of Article 2(a)(4), Uniform Code of Military Justice, 10 USC § 802(a)(4), indicates that its sources are 10 USC § 1023 (1946 ed.) and 34 USC §§ 389 and 853d (1946 ed.). These statutes expressly confer court-martial jurisdiction over retired Army officers, retired Naval officers, and officers and enlisted men in the Fleet Reserve and Naval Reserve. *See* H. Rep. No. 491, 81st Cong., 2nd Sess. 10 (1950), U.S. Cong. Serv. 1950, p. 2222. Court-martial jurisdiction over retired enlisted men of the Army was asserted more indirectly under the general rubric of membership in the Regular Army. Article of War 2, 10.

USC § 1473(a) (1946 ed.); and 10 USC § 4 (1946 ed.) (which defined membership in Regular Army to include retired enlisted men). Subsections (a)(4) and (a)(6) of Article 2 of the Code are a consolidation of these statutes.

A regular enlisted member then becomes a member of the Air Force Reserve. *A member retired under this section shall perform such active duty as may be prescribed by law until his service computed under section 8925 of this title, plus his inactive service as a member of the Air Force Reserve, equals 30 years.*[5]

(Emphasis added.) Moreover, another statute (10 USC § 688) treats the two groups as equal. It states:

§ 688. Retired members

(a) Under regulations prescribed by the Secretary of Defense, a retired member of the Regular Army, Regular Navy, Regular Air Force, or Regular Marine Corps, a member of the Retired Reserve who has completed at least 20 years of active service, or a member of the Fleet Reserve or Fleet Marine Corps Reserve *may be ordered to active duty by the Secretary of the military department concerned at any time.* The Secretary concerned may, to the extent consistent with other provisions of law, assign a member ordered to active duty under this section to such duties as the Secretary considers necessary in the interests of national defense.[6]

While there still may be some difference between the obligations of these service groups (*e.g.*, 10 USC § 6485), their common pay entitlement, access to military bases and services,[7] and general duty obligations strongly support the view that retired enlisted members of the Air Force are "actually members or part of the armed forces" for purposes of court-martial jurisdiction. *Toth v. Quarles*, 350 U.S. at 15, 76 S.Ct. at 4; *see generally United States v. Cole*, 24 MJ 18 (CMA), *cert. denied*, 484 U.S. 828, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987).

The writ-appeal petition for review of the decision of the United States Air Force Court of Military Review denying the petition for extraordinary relief in the nature of a writ of prohibition is denied. The stay of court-martial proceedings issued by this Court on May 25, 1989, is hereby vacated.

Chief Judge EVERETT and Judge COX concur.

---

5. AFR 35–7 (Oct.1987) further states:

   *2–9. Reserve Status of Retired Member.* A member of the Air Force Reserve who is retired under 10 U.S.C. 8911 is automatically transferred to the Retired Reserve according to 10 U.S.C. 274(1), as amended. By policy, any other member who is or becomes a member of the Air Force Reserve in connection with retirement is also assigned to the Retired Reserve. However, such member must ask to be transferred or assigned to the Retired Reserve when applying for voluntary retirement unless that action took place at some earlier date. *A Regular enlisted member of the Air Force, retired under 10 U.S.C. 8914, then becomes a member of the Air Force Reserve.* A Regular or Reserve enlisted member retired under 10 U.S.C. 8914 shall perform such active duty as may be required by law until his or her active service plus inactive service as a member of the Air Force Reserve totals 30 years. *During the entire period of inactive Reserve service, the Regular enlisted member also keeps his or her status as a retired enlisted member of the Regular Air Force.*

   (Emphasis added.)

6. AFR 35–7 (Oct.1987) provides:

   *2–10. Retired Members Ordered to Active Duty.* The Secretary of the Air Force may order any retired member of the Regular Air Force, or a member of the Retired Reserve who has completed at least 20 years' active service, to active duty at any time (10 U.S.C. 688). Other members assigned to the Retired Reserve may be ordered to active duty voluntarily as shown in paragraph 8–3.

7. *See generally* Notes and Comments, *The Retired Regular Officer: Status, Duties, and Responsibilities,* 26 A.F. L. Rev. 111, 119 (1987).