# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, F.D. MITCHELL, M.C. HOLIFIELD**
**Appellate Military Judges**

**D'URVILLE A. CHRISTOPHER, SR.**
**CRYPTOLOGIC TECHNICIAN (TECHNICAL) FIRST CLASS (E-6)**
**U.S. NAVY**

v.

## UNITED STATES OF AMERICA

**NMCCA 201500066**
Review of Petition for Extraordinary Relief in the Nature of a
Writ of *Mandamus*

**Military Judge:** CAPT Moira D. Modzelewski, JAGS, USN.
**Convening Authority:** Commandant, Naval District Washington, Washington Navy Yard, Washington, D.C.
**For Appellant:** LT Jon T. Taylor, JAGC, USN.
**For Appellee:** Col Mark Jamison, USMC.

### 21 April 2015

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

This case is before us pursuant to a Petition for Extraordinary Relief in the Nature of a Writ of *Mandamus*. The petitioner requests that this court order dismissal of all charges and specifications averring that the court-martial lacks *in personam* jurisdiction over him.

On 16 March 2015, we granted the Request to Stay Proceedings and ordered the Government to show cause why the requested relief should not be granted. Additionally, we

ordered the Government to produce an authenticated record of the proceedings. On 26 March 2015, the Government filed its response to our order to show cause. The court received an authenticated record of proceedings on 30 March 2015. The petitioner filed a Reply Brief on 2 April 2015.

The petitioner raises two issues: (1) whether a court-martial has jurisdiction over a properly retired service member where the charges were referred after the effective date of retirement; and, (2) whether a subordinate convening authority has *in personam* jurisdiction over a retiree where the Secretary of the Navy has withheld authority to convene courts-martial involving retirees. As we do not find the military judge's ruling on the defense's Motion to Dismiss for Lack of Jurisdiction to be erroneous or beyond her authority, we conclude the petitioner is not entitled to the requested relief.

## Factual Background

We accept the following findings of fact from the military judge's 30 January 2015 "Ruling on Defense Revised Motion to Dismiss for Lack of Personal Jurisdiction," [1] as we find them to be correct and supported by the record:

   a. In April 1994 the [petitioner] entered into active duty service.

   b. After [May 2013] the [petitioner] was processed through the Physical Evaluation Board system to determine the extent of his disability for retirement purposes.

      . . . .

   g. In 2013 [the Naval Criminal Investigative Service] initiated an investigation of the [petitioner] for accusations involving sexual contact with a stepchild in 2004."

   h. On 23 April 2014, the Commanding Officer, [Naval Support Activity Washington (NSAW)] took the following actions:

      (1) Placed the [petitioner] on legal hold pending the adjudication of the criminal case.

---

[1] Appellate Exhibit XXVII, ¶ 3 (internal citations omitted).

(2) Required Navy Personnel Command (PERS) cancel the [petitioner's] Fleet Reserve Request scheduled for April 30, 2014, due to a pending court-martial. The request was answered on May 1, 2014, by a Naval message that cancelled the [petitioner's] existing request to transfer to Fleet Reserves [sic].

(3) Issued the [petitioner] a Page 13 Counseling, informing him that he was placed on legal hold "until further notice" and was not allowed to "[transfer], or be discharged until released form this legal hold status."

i. Personnel Support Detachment (PSD) Washington received the legal hold paperwork on 23 April 2014, and on the same day, uploaded the document into its database, the Transaction Online Processing System (TOPS).

j. Although PSD Washington uploaded the legal hold paperwork in TOPS, PSD Washington did not update the [petitioner's] Accounting Classification Code (ACC) to "disciplinary legal hold" status per [the Naval Military Personnel Manual].

k. Although the [petitioner's] command took the appropriate steps to place the [petitioner] on legal hold on 23 April 2014, it appears that the command did not separately and affirmatively notify the Physical Evaluation Board (PEB) that the [petitioner] was on legal hold and that his PEB processing should cease.

l. On 4 June 2014, as a result of the ongoing [PEB] to determine the [petitioner's] disability, a message was released stating that the [petitioner] was eligible for medical retirement on 27 June 2014.

m. On June 10, 2014, in response to the medical retirement message, the Staff Judge Advocate (SJA) for NSAW confirmed with PERS-8 that the message would be cancelled and that the legal hold would keep the [petitioner] on active duty until his court-martial was completed.

n. It appears the [petitioner's] ACC was not updated or corrected even at this time. While [PERS] was again made aware of the pending disciplinary proceedings against the

[petitioner], PERS failed to direct PSD Washington [to] update the [petitioner's] ACC on 10 June 2014.

o. On 16 June 2014, the [petitioner] secured a DD-214 [Certificate of Release or Discharge from Active Duty], using the 4 June 2014 message authorizing his transfer to the Permanent Disability Retirement List [(PDRL)].

p. On 20 June 2014, the [petitioner] routed a request with his chain of command to have his "legal hold status lifted so that [he] can retire from active service."

q. On 1 July 2014, [PERS] issued a message cancelling the [petitioner's] erroneous "retirement."

r. On 9 July 2014, the [petitioner] reported to NSAW for duty.

s. On 22 July 2014, the [petitioner] was issued a DD Form 215 (correction to DD Form 214) that purports to correct the previously issued DD Form 214.

## Authority to Issue Extraordinary Writs

The All Writs Act, 28 U.S.C. § 1651(a), grants all courts established by Act of Congress the power to issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law. As a court created by Act of Congress, this court has the authority to issue the writ requested in this case. *United States v. Dowty*, 48 M.J. 102, 106 (C.A.A.F. 1998); *Dettinger v. United States*, 7 M.J. 216, 219 (C.M.A. 1979).

## Principles of Law for Consideration of Extraordinary Writs

A Writ of *Mandamus* is a drastic remedy that should be used only in extraordinary circumstances. *Aviz v. Carver*, 36 M.J. 1026, 1028 (N.M.C.M.R. 1993) (citing *United States v. Labella*, 15 M.J. 228 (C.M.A. 1983)). The petitioner bears the heavy burden to show he has a clear and indisputable right to the extraordinary relief requested. *Ponder v. Stone*, 54 M.J. 613, 616 (N.M.Ct.Crim.App. 2000); *Aviz*, 36 M.J. at 1028. *See also Will v. United States*, 389 U.S. 90, 96 (1967).

The Supreme Court has held that three conditions must be met before a court may provide extraordinary relief in the form of a writ of mandamus: (1) the party seeking the writ must have

4

"no other adequate means to attain the relief"; (2) the party seeking the relief must show that the "right to issuance of the relief is clear and indisputable"; and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380-81 (2004) (citations and internal quotation marks omitted). As detailed below, we find that the petitioner has failed to meet the second of these conditions.

### *In Personam* Jurisdiction

"'When an accused contests personal jurisdiction . . . we review that question of law de novo, accepting the military judge's findings of historical facts unless they are clearly erroneous or unsupported by the record.'" *United States v. Hart*, 66 M.J. 273, 276 (C.A.A.F. 2008) (quoting *United States v. Melanson*, 53 M.J. 1, 2 (C.A.A.F. 2000)).

In ruling on the defense's Motion to Dismiss for Lack of Jurisdiction, the military judge assumed *arguendo* that the petitioner's transfer to the PDRL was valid and, citing Article 2(a)(4), UCMJ, found that as a "[r]etired member[] of a regular component of the armed services who [is] entitled to pay,"[2] he is subject to UCMJ jurisdiction. She is correct: Article 2(a)(4), UCMJ, confers *in personam* jurisdiction over retired members of a regular component of the armed forces who are entitled to pay. *See also Pearson v. Bloss*, 28 M.J. 376, 377-78 (C.M.A. 1989). The military judge further found that the convening authority in this case "is indisputably empowered to convene a General Court-Martial."[3] Our reading of RULE FOR COURTS-MARTIAL 504, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Article 22(a), Uniform Code of Military Justice, 10 U.S.C. § 822(a), and paragraph 0120 of Judge Advocate General of the Navy Instruction 5800.7F (26 Jun 2012) shows the military judge to be correct on this point, as well.[4] Thus, we find no error in the military judge's analysis, and nothing to indicate the military judge's ruling constituted a "judicial usurpation of power" or was "characteristic of an erroneous practice which is likely to recur." *Labella*, 15 M.J.

---

[2] AE XXVII at 4.

[3] *Id.*

[4] In her ruling, the military judge noted that the defense's Motion to Dismiss did not raise the issue of whether the *referral* was proper. Although the petitioner's Petition for Extraordinary Relief seems to conflate the authority to convene with the authority to refer, we agree that this is an issue not currently before us.

at 229 (citations and internal quotation marks omitted). Accordingly, the petitioner has failed to show that he has a clear and indisputable right to the requested *Writ of Mandamus*.

## Conclusion

The petition for a *Writ of Mandamus* is denied. This court's order of 16 March 2015 staying the Petitioner's court-martial if hereby lifted.

For the Court

R.H. TROIDL
Clerk of Court