*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOUTZ, MYERS, and KISOR
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Michael S. RETTUS**
Sonar Technician (Surface) Chief Petty Officer (E-7), U.S. Navy

*Appellant*

**No. 202200030**

_____

Decided: 28 October 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Ann K. Minami

Sentence adjudged 12 January 2022 by a special court-martial convened at Naval Base Kitsap, Bremerton, Washington, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-5 and a bad-conduct discharge.

For Appellant:
*Lieutenant Commander Douglas Ottenwess, JAGC, USN*

For Appellee:
*Lieutenant Colonel, James A. Burkhart, USMC*
*Lieutenant Gregory A. Rustico, JAGC, USN*

—————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

—————————————

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of one specification of communicating indecent language, in violation of Article 134, Uniform Code of Military Justice [UCMJ] for communicating indecent language to an undercover Naval Criminal Investigative Service [NCIS] Special Agent.[1]

Appellant asserts one assignment of error, that the court-martial lacked personal jurisdiction over him because at the time of trial he had transferred to the Fleet Reserve. We find no prejudicial error and affirm.

## I. BACKGROUND

At the time of this court-martial (Appellant's second) he had transferred to the Fleet Reserve after over twenty years of service. In this case, he was charged with conduct that occurred while he was on active duty, in September 2017, which was approximately one month after his guilty plea for sexual abuse of a minor at a prior general court-martial. The conduct charged in this case consisted of communicating indecent language during a conversation (using an electronic media application called "Kik") to an undercover special agent of NCIS. As the stipulation of fact states, Appellant responded to a post on Craigslist wherein the special agent who made the posting was pretending to be a mother who was interested in finding someone to sexually abuse her small children. The subsequent conversation, which is excerpted in the charge sheet and is reproduced in Prosecution Exhibit 4, spans 124 pages of reproduced electronic messages. Without doubt, that conversation (or series of conversations) is indecent within the meaning of that term as it is defined in the 2016 Manual

—————————————

[1] 10 U.S.C. § 934.

for Courts-Martial. Simply put, and without repeating it here, it is grossly offensive to decency because of its vulgar nature; it violates community standards; and Appellant was provident in his pleas of guilty.[2]

Appellant transferred to the Fleet Reserve in December 2017. On 5 August 2021, the Government obtained the required authorization from the Secretary of the Navy to court-martial Appellant. At arraignment, Appellant moved to dismiss the charge on jurisdictional grounds, inasmuch as he was at that time not on active duty but was a member of the Fleet Reserve.[3] The military judge denied the motion and Appellant subsequently pleaded guilty to the charge and specification.[4]

## II. DISCUSSION

As a preliminary matter, we note a few well-settled principles of law. First, the right to challenge the jurisdiction of a court-martial is not waived by a guilty plea.[5] Second, the issue of jurisdiction is a question of law that this Court reviews de novo.[6]

Article 2(a)(6) of the UCMJ, which makes members of the Fleet Reserve subject to court-martial jurisdiction, is a valid exercise of Congress's constitutional authority to "make rules for the Government and Regulation of the land and naval forces."[7] Recognizing this fact, Appellant nonetheless urges this Court to follow the reasoning of the District Court for the District of Columbia

---

[2] *Manual for Courts-Martial, United States*, (2016 ed.) [*MCM*], pt. IV, para. 89(c) at IV-136.

[3] R. at 9.

[4] R. at 10; R. at 35.

[5] *See, e.g., United States v. Begani*, 81 M.J. 273, 276 (C.A.A.F. 2021) (noting that Rule for Courts-Martial [R.C.M.] 705(c)(1)(b) prohibits the enforcement of any term in a pretrial agreement that deprives an accused of the right to challenge the jurisdiction of the court-martial).

[6] *See id.*, (citing *United States v. Hennis*, 79 M.J. 370, 374-75 (C.A.A.F. 2020)).

[7] *Begani*, 81 M.J at 275 (citing U.S. Const. art. I, § 8, cl. 14); *see also United States v. Overton*, 24 M.J. 309, 311 (C.M.A. 1987).

in *Larrabee v. Braithwaite,* and hold that the court-martial lacked jurisdiction.[8] In *Larrabee*, the District Court held that exercise of court-martial jurisdiction over a member of the Fleet Marine Corps Reserve was unconstitutional.[9]

At the time of Appellant's filing, and as noted by Appellant in his brief, *Larrabee* was on appeal to the Court of Appeals for the District of Columbia Circuit, had been orally argued in October 2021, and was pending a decision. Had the D.C. Circuit affirmed the District Court, the Supreme Court would then possibly have had to resolve the circuit split of authority; and a favorable decision in *Larrabee* would have the practical effect of overruling the Court of Appeals for the Armed Forces' decision (and this Court's decision) in *Begani*. Thus, because Appellant has demonstrated a good faith basis for an argument for a reversal of the law, and has cited to the adverse controlling authority, it was perfectly proper for Appellant to raise this issue at trial and on appeal.[10]

However, as the Government correctly notes in its Answer, on 2 August 2022, the D.C. Circuit reversed the District Court in *Larrabee*, holding that Larrabee's court-martial conviction was constitutional notwithstanding his transfer to the Fleet Marine Corps Reserve.[11] And as the Government correctly states, this Court must strictly follow the decisions handed down by higher courts.[12] *Begani* and *Overton* remain binding precedent on this issue.

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and

---

[8] *Larrabee v. Braithwaite*, 502 F. Supp. 3d. 322 (D.D.C. 2020). A federal court may collaterally review a jurisdictional challenge to a conviction by a court-martial. *See Larrabee v. Del Toro*, 45 F. 4th 81, 86 (D.C. Cir. 2022) (citing *In re Grimley*, 137 U.S. 147, 150 (1890)). (Further citations omitted).

[9] *Larrabee*, 502 F. Supp. 3d. at 333.

[10] *See generally* JAGINST 5803.1E (20 Jan 2015), Rules 3.1 and 3.3(2).

[11] *See Larrabee*, 45 F. 4th at 95. We are aware that the District of Columbia Circuit Court of Appeals is presently considering Appellant's petition for *en banc* review and we can foresee that either party in that case may eventually seek certiorari in the Supreme Court of the United States.

[12] Gov't Answer at 3 (citing *United States v. Andrews*, 77 M.J. 393, 399 (C.A.A.F. 2018)).

that no error materially prejudicial to Appellant's substantial rights occurred.[13]

The findings and sentence are **AFFIRMED.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[13] Articles 59 & 66, UCMJ.