**UNITED STATES**

v.

**Melvin K. DANCY, Jr., 419 80 1815, Private (E–1), U. S. Marine Corps.**

**NCM 79 0149.**

U. S. Navy Court of Military Review.

Sentence Adjudged 11 Sept. 1978.

Decided 18 Oct. 1979.

CAPT G. M. Potter, USMC, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

GLADIS, Judge:

The accused contends for the first time on appeal that the court-martial which convicted him lacked jurisdiction because his enlistment was tainted by recruiter misconduct. *See United States v. Russo,* 1 M.J. 134 (C.M.A.1975). He alleges that he was discharged from the Army prior to completion of basic training by reason of poor attitude in December 1975; that he attempted to enlist in the Marine Corps, but was processed for a waiver of the reenlistment code which rendered him ineligible and rejected in January or February 1976; and that he was advised by the recruiter to return in 6 months, talk to another recruiter, and conceal his prior Army service in order to enlist. He did return and subsequently enlisted in the Marine Corps by concealing his prior service in the Army and rejection by the Marine Corps. The accused now seeks a limited rehearing on the issue of jurisdiction. *See United States v. Du-Bay,* 17 U.S.C.M.A. 247, 37 C.M.R. 411 (1967). Relying on affidavits which contradict the accused's contentions, the Government urges us to affirm the conviction. We agree with the accused that a limited rehearing is required.

The necessary predicate for *in personam* court-martial jurisdiction is the military status of the accused. The prerequi-

site to effect a change in status from civilian to military is either a valid enlistment contract or a legitimate constructive enlistment. Where a recruiter knowingly enlists or aids in enlisting an individual who has given timely notice that he is disqualified for military service, the enlistment is void and fairness prevents the Government from relying on a constructive enlistment. *United States v. Russo, supra.* Misconduct on the part of one recruiter which renders an individual's enlistment by another recruiter irregular or unfair will preclude the Government from relying on that enlistment as a basis for court-martial jurisdiction, even though the recruiter who actually enlisted the accused is guilty of no misconduct. *See United States v. Torres,* 7 M.J. 102 (C.M.A.1979); *United States v. Murawsky,* No. 78 0580, 6 M.L.R. 2428 (N.C.M.R. 30 October 1978), *reversed on other grounds,* 7 M.J. 353 (C.M.A.1979); *United States v. Andrews,* No. 78 0250, 6 M.L.R. 2435 (N.C.M.R. 12 October 1978), *cert. for rev. filed,* 6 M.J. 90 (C.M.A.1978). *Cf. United States v. Stone,* 6 M.J. 686 (N.C.M.R.1978), *pet. granted,* 7 M.J. 70 (C.M.A.1979).

The question to be resolved is whether the accused's enlistment was the direct result of recruiter misconduct. If so the court-martial lacked jurisdiction. We decline to resolve the issue on the basis of conflicting *ex parte* affidavits, but shall remand the case for a limited rehearing before a trier of fact. *United States v. Owens,* 7 M.J. 388 (C.M.A.1979). *See also United States v. DuBay, supra.*

Accordingly, the record is remanded to the Judge Advocate General of the Navy for reference to the same or a different convening authority who shall dismiss the charges if he determines a limited rehearing to be impractical or refer the record to a general court-martial, the military judge of which shall be directed to conduct a hearing pursuant to Article 39(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 839(a). The military judge shall hear the respective contentions of the parties on the question of jurisdiction, permit the presentation of witnesses and evidence in support thereof, and enter findings of fact and conclusions of law based thereon. If the military judge determines that the general court-martial before which accused was tried lacked jurisdiction, he shall set aside the findings and sentence and dismiss the charges. If he determines that the court-martial had jurisdiction, he will enter his findings on the issue. Upon completion of the Article 39(a) session, the record, as supplemented by the proceedings directed here, shall be forwarded to the convening authority for further review of the supplementary proceedings. Upon completion of the convening authority's action, the record shall be forwarded for further review, if required, in accordance with Article 66, UCMJ, 10 U.S.C. § 866.

Judge GREGORY concurs.

DUNBAR, Senior Judge (concurring in the result):

I concur in the result.