UNITED STATES

v.

**William E. NIX, 254 76 2264 Aviation Fire Control Technician Second Class (E–5), U.S. Navy.**

**NMCM 91 2625.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 9 July 1991.

Decided 6 Nov. 1992.

LT Matthew L. Kronisch, JAGC, USNR, Appellate Defense Counsel.

Capt Dwight H. Sullivan, USMC, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

LCDR Neal H. Nelson, Jr., JAGC, USNR, Appellate Government Counsel.

Before REED, MOLLISON and HAMILTON, Judges.

MOLLISON, Judge:

The principal issue in this appeal concerns the military judge's denial of a defense request to produce as a witness the officer who forwarded the charges to the general court-martial convening authority.

The appellant was an instructor at Naval Air Technical Training Center, Millington, Tennessee. He was tried by a general court-martial. Consistent with his pleas of guilty, the appellant was found guilty of fraternization and consensual sodomy in violation of Articles 92 and 125, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 925. Contrary to his pleas, appellant was also found guilty of maltreatment of a subordinate and wrongful use of marijuana in violation of Articles 93 and 112a, UCMJ, 10 U.S.C. §§ 893, 912a. A military judge sitting alone sentenced the appellant to confinement for 8 months, forfeiture of all pay and allowances, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the adjudged sentence. The appellant's case is now before this Court for review in accordance with Article 66, UCMJ, 10 U.S.C. § 866.

This Court may affirm only such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law and fact and determines on the basis of the entire record should be approved. Art. 66(c), UCMJ, 10 U.S.C. § 866(c). We may hold a finding of guilty or a sentence incorrect on the ground of an error of law only if the error materially prejudices the substantial rights of the appellant. Art. 59(a), 10 U.S.C. § 859(a).

The appellant asserts three errors have been committed in his court-martial.[1] We find the three assignments of error to be without merit and affirm. We comment only on the first assignment.

The material facts of the appeal are as follows: On 20 March 1991, a pretrial investigation into the charges in appellant's case was ordered by J.C. Van Dyke, the acting commanding officer of Naval Air Technical Training Center, Millington. Art. 32, UCMJ; 10 U.S.C. § 832. The investigating officer, a judge advocate attached to Naval Legal Service Office, Memphis, conducted the investigation. He filed his report on 25 April 1991 and recommended trial by general court-martial. On 29 April 1991, Captain T.W. Finta, U.S. Navy, Commanding Officer, Naval Air Technical Training Center, Millington, an officer exercising only special court-martial jurisdiction, forwarded the charges with the same recommendation to the officer exercising general court-martial jurisdiction, Chief of Naval Technical Training (CNTT). Arts. 22(a)(9), 23(a)(7), UCMJ; 10 U.S.C. §§ 822(a)(9), 823(a)(7); Manual of the Judge Advocate General (JAGMAN) 0120a(1), 0120b(3). CNTT's staff judge advocate also recommended trial by general court-martial. CNTT referred the charges to trial by general court-martial. None of the aforementioned officers is a nominal accuser in this case.

---

1. I. THE MILITARY JUDGE ERRED BY REFUSING TO COMPEL CAPTAIN FINTA'S TESTIMONY ON APPELLANT'S MOTION TO DISMISS.
II. THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT INTENTIONALLY TOUCHED PETTY OFFICER SAGANICH ON HER BUTTOCKS WITH A LAB CANE.

III. A SERVICE MEMBER'S PRIVATE, NONCOMMERCIAL, CONSENSUAL HETEROSEXUAL ACTS OF ORAL AND ANAL INTERCOURSE ARE CONSTITUTIONALLY PROTECTED. *But see United States v. Henderson,* 34 M.J. 174 (C.M.A.1992); *United States v. Fagg,* 34 M.J. 179 (C.M.A.1992).

At a pretrial hearing the appellant moved for a dismissal of the charges on grounds "the Government has engaged in the prosecution for malicious and vindictive reasons based upon the personal interests of [Captain Finta]." Appellate Exhibit XVII. Among other things, appellant argued that Captain Finta was prejudiced against the appellant as a result of "jocular" bantering between the appellant and a woman who ultimately became Captain Finta's wife. The appellant had requested the presence of Captain Finta and Mrs. Finta to testify on the motion. The Government had denied the request to produce them. Record at 35–36. In his motion to dismiss and orally at trial, the appellant tendered two similar offers of proof. The source of the information in the offers of proof is not stated. Nonetheless, these offers of proof may be fairly summarized as follows:

Ms. Sherry Clay, now Mrs. Finta, was formerly employed as a bartender at the station golf course. The appellant, an avid golfer, was acquainted with Ms. Clay. The appellant and Ms. Clay were friends and bantered frequently. The content of the bantering was often sexual in nature by way of innuendo and double entendre. The appellant and Ms. Clay were not having an affair although people at the golf course might have held the opinion that they were. Captain Finta was aware of this opinion. On one occasion in the presence of witnesses, Captain Finta ordered the appellant to cease the bantering with Ms. Clay and to stay away from her. After the charges in this case were preferred, but before the pretrial investigation, Ms. Clay telephoned Captain Finta to intercede on the appellant's behalf. She was rebuffed by Captain Finta. Shortly prior to trial, Ms. Clay and Captain Finta married.

Appellate Exhibit XVII; Record at 53–54. The charges preferred against the appellant were unrelated to Ms. Clay or Captain Finta. Rather these charges concern his activities with students at Naval Air Technical Training Command. The appellant did not make a motion at trial to have the general court-martial convening authority reconsider his decision to refer the charges to trial by general court-martial on the basis of a claim of bias on Captain Finta's part, nor is there anything in the record suggesting the appellant made such a request to the convening authority directly or that he was denied a continuance in order to make such a request of the convening authority. Instead, the appellant sought outright dismissal of the charges. Finally, we note the appellant also did not raise this matter in his post-trial communications to the convening authority. Rules for Courts–Martial (R.C.M.) 1105, 1106, Manual for Courts–Martial, United States, 1984.

The military judge denied the appellant's motion to dismiss and to produce Captain and Mrs. Finta as witnesses. In detailed essential findings, the military judge concluded that Captain Finta's forwarding of charges was objectively reasonable under the circumstances; that Captain Finta was not the convening authority and hence the accuser concept was inapplicable; that had there been animosity on Captain Finta's part, the correct course of action would have been for him to forward the charges to another convening authority; that it would be reasonable for that convening authority to be the officer exercising general court-martial jurisdiction; that it did not appear Captain Finta had abused his discretion in forwarding the charges to that authority; and, that under the circumstances, the testimony of Captain and Mrs. Finta was immaterial. On appeal, appellant asserts the military judge erred in failing to compel the presence of Captain Finta. The appellant now prays that the findings and sentence be set aside and a rehearing be ordered. He no makes no assertion as to the military judge's ruling respecting Mrs. Finta.

The issues presented to us are: Does the "accuser concept" apply to disqualify officers from forwarding charges to their superiors for disposition by them? Did the military judge err in failing to compel the attendance of Captain Finta on the issue of his bias? We conclude: (1) that the accuser concept does not apply to disqualify officers from forwarding charges to their superiors for disposition; (2) that quite to the

contrary, a court-martial convening authority who is disqualified from referring charges to trial because he is an accuser must forbear reference of charges to trial and must forward the charges for disposition by a superior competent authority; (3) that inasmuch as the disposition of appellant's charges had been made by an officer superior to the officer the appellant claimed was biased against him, testimony as to that bias was irrelevant and unnecessary in appellant's court-martial; and, (4) that if the military judge did erroneously deny the appellant's motion request, under the totality of the circumstances, the appellant was not prejudiced and reversal is not required.

■ Each party is entitled to the production of any witness whose testimony on a matter in issue on an interlocutory question would be relevant and necessary. Art. 46, UCMJ; 10 U.S.C. § 846; R.C.M. 703(b). "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Mil.R.Evid. 401. Relevant testimony is necessary when it is not cumulative and when it would contribute to a party's presentation of the case in some positive way on a matter in issue. R.C.M. 703(b)(1) Discussion. When the trial counsel contends that a defense witness' production is not required, the matter may be submitted to the military judge. R.C.M. 703(c)(2)(D). An accused may make a pretrial motion to the military judge for appropriate relief in the nature of a motion for the production of the witness. R.C.M. 905(b)(4), 906(b)(7). The accused bears the burden of establishing the relevance and necessity of the requested witness' testimony. *United States v. Allen,* 31 M.J. 572, 610 (N.M.C.M.R.1990), *aff'd,* 33 M.J. 209 (C.M.A.1991); R.C.M. 905(c). If a ruling on a request for the personal attendance of a witness is adverse to the accused, the ruling is subject to review and reversal if there has been an abuse of discretion.

*United States v. Tangpuz,* 5 M.J. 426 (C.M.A.1978) (Cook, J.). Reversal is not automatic for an erroneous denial. Reversal is required only when there is a fair risk of prejudice to the appellant. Prejudice is calculated from the totality of the circumstances. *Allen,* 31 M.J. at 612–13, 33 M.J. at 214.

■ An "accuser" is "a person who signs and swears to charges, any person who directs that charges nominally be signed and sworn to by another, and any other person who has an interest other than an official interest in the prosecution of the accused." [2] Art. 1(9), UCMJ; 10 U.S.C. § 801(9). By law an "accuser" may not be the convening authority of a special or general court-martial, a member of a special or general court-martial, or military judge. Arts. 22(b), 23(b), 25(d)(2), 26(d), UCMJ; 10 U.S.C. §§ 822(b), 823(b), 825(d)(2), 826(d). By regulation an "accuser" is also disqualified from performing as pretrial investigating officer, trial counsel, defense counsel, interpreter, reporter, escort, bailiff, clerk, or orderly. R.C.M. 405(d)(1), 502(d)(4), 502(e). *See also United States v. Cunningham,* 12 U.S.C.M.A. 402, 30 C.M.R. 402 (1961) (appointment of an accuser is inconsistent with the codal requirement of a thorough and impartial pretrial investigation of the charges).

■ When a commander who is a convening authority receives charges, he has several alternative dispositions available to him. They range from dismissal of the charges to forwarding of the charges to a superior commander for disposition. R.C.M. 404, 407. When he would otherwise convene a court-martial, but is disqualified because he is an "accuser," the commander must forward the charges to a superior competent authority for disposition. Arts. 22(b), 23(b), UCMJ; 10 U.S.C. §§ 822(b), 823(b); R.C.M. 401(c)(2)(A), 504(c)(3); JAGMAN 0129a.

■ Appellant cites no authority that disqualifies an officer from forwarding charges to his superior on the grounds the

**2.** The appellant suggests Captain Finta fell within the ultimate category, i.e., "any other person who has an interest other than an official interest in the prosecution of the accused."

forwarding officer is an "accuser." Therefore, the appellant urges us to announce "an easily-applied rule that one with an other than professional interest in a case may make no discretionary decisions on behalf of the United States."[3] Appellant's Brief at 6. We observe, however, as the rule stands an "accuser" is not disqualified from performing all discretionary functions other than swearing of charges. For example, a summary court-martial convening authority is not disqualified to convene such courts because he is an "accuser." R.C.M. 1302(b), 504(c)(1) Discussion. We also note that the officer who directs a pretrial investigation and forwards charges to the general court-martial authority is not required to be absolutely neutral and detached. *United States v. Wojciechowski*, 19 M.J. 577 (N.M.C.M.R.1984). If the appellant's rule were adopted, it is not exactly clear what the convening authority could do. He could neither convene the court nor forward the charges to someone who could. In fact, the rule now *requires* the forwarding of charges to a superior when the convening authority would otherwise convene a court-martial but is disqualified to do so because he *is* an "accuser." We perceive no reason to hold the same person would be disqualified from forwarding charges to his superior if he thought the accused's charges should be disposed of by a court beyond the officer's power to convene.

CNTT had at his disposal all alternative dispositions of appellant's charges—from dismissal to referral to trial by general court-martial. R.C.M. 407. CNTT's decision to refer the charges to trial by general court-martial was a matter entirely within his discretion. That decision is subject to review only for an abuse of discretion. *United States v. Lewis*, 34 M.J. 745 (N.M.C.M.R.1991). There is no claim that CNTT was the "accuser," has acted out of bad faith, improper motives or prosecutorial vindictiveness, or has applied improper

standards. *Id.* In short, there is no claim the convening authority abused his discretion in the disposition of the appellant's charges.

■ Once the charges were in the hands of CNTT, he was perfectly free to take whatever action he in his discretion deemed appropriate. If we assume Captain Finta was biased against the appellant and could not dispose of the charges against him, it would have been proper for him to forward them to his superior commander, CNTT—which is precisely where they went. The forwarding of the charges to CNTT placed their disposition out of the hands of the party the appellant claims was biased against him. We cannot imagine any other remedy to which the appellant would have been entitled. Inasmuch as the charges were referred to trial by competent authority superior to Captain Finta, testimony that Captain Finta was biased was irrelevant and unnecessary, and the military judge did not abuse his discretion in declining to hear it.

■ It is true Captain Finta recommended trial by general court-martial. Had he been disqualified as an accuser, he was still obliged to make a recommendation. R.C.M. 401(c)(2)(A). However, had he been disqualified from acting as the court-martial convening authority because he was an accuser, he would have been obliged to note the basis of the disqualification.[4] *Id.* Therefore, arguably Captain Finta's recommendation had some influence on the convening authority and any personal bias on Captain Finta's part towards the appellant should have been disclosed by him to the convening authority in order that the convening authority could give his recommendation appropriate weight. Assuming the appellant had advanced such a claim at trial, dismissal of charges would not have been the appropriate remedy. Rather, the appropriate relief would have extended to ordering a recon-

---

3. Any change in the scope of the accuser concept is reserved to Congress and the President. In the meantime, our function is to apply the law and regulations as we best may ascertain them.

4. Here he apparently did not contemplate trial by special court-martial. He was obviously not authorized to convene a general court-martial. It is also very likely he did not view himself to be an accuser.

sideration of the referral decision or the granting of a continuance in order that the appellant could apply to the convening authority for a withdrawal of charges or reduction in forum. The appellant apparently moved for neither.[5] Finally, we observe the appellant could have moved for reconsideration by the convening authority irrespective of what Captain Finta may have testified to at trial.

■ We encourage military judges to guide or redirect the parties in their pursuit of a remedy appropriate to the claimed wrong. The decision to pursue a particular remedy, however, largely remains the province of the movant. Without entertaining the testimony of Captain Finta, the military judge could have ordered reconsideration of the referral decision by CNTT or he could have afforded the appellant the opportunity to pursue the matter directly with the convening authority. The appellant did not request such a remedy and we find the military judge did not err in not ordering it *sua sponte*. In fact, on appeal the appellant seeks relief inappropriate to the claimed wrong. The appellant has already had a trial of the facts. The trial proceedings are themselves free from error materially prejudicial to the substantial rights of the appellant. Yet, the appellant seeks to have the findings and sentence set aside and a rehearing ordered. A second trial on the merits and a sentencing procedure would not remedy any impact of possible pretrial bias on Captain Finta's part.

We have the authority to order a limited hearing to ferret out the facts surrounding the appellant's relationship with the Fintas. *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 412 (1967). That relationship is, however, irrelevant to the findings of guilty before the Court and the appropriateness of appellant's sentence. We also have the authority to order such a hearing to delve into the convening authority's exercise of his discretion in referring the appellant's case to trial. For that matter

we could order the production of affidavits on that point. We are disinclined to do either. Firstly, the appellant has not requested such. Nor has the appellant, through his counsel, supplied any affidavit from the convening authority germane to the point. Secondly, we do not view as particularly fruitful retrospective, hypothetical examinations of the exercise of convening authority discretion. Thirdly, the matters raised by the appellant concerning Captain and Mrs. Finta are wholly unrelated to the charges before the Court. While we do not pretend to second-guess the exercise of convening authority discretion, we do not believe the Finta matter would have made the slightest difference to the disposition of the appellant's case based on the entire record before us. In short, the time and opportunity the appellant had to influence the convening authority in the exercise of his discretion in referring the appellant's case to trial have passed. If the appellant felt the convening authority was being influenced by a biased subordinate, he had the opportunity to bring the matter to the convening authority's attention. He chose not to do that. We will not now speculate after the fact what may have happened had appellant chosen to take such action.

The findings and sentence, as approved on review below, are affirmed.

Judge REED and Judge HAMILTON concur.

---

5. The reasons for not pursuing such a course of action are not known to us. Perhaps the appellant assessed the likelihood of success as remote. It is also possible the appellant unsuc-

cessfully approached the convening authority with his claims and the matter is not documented in the record before us.