UNITED STATES, Appellee

v.

William E. NIX, Aviation Fire Control Technician Second Class, U.S. Navy, Appellant.

No. 93–0342.
CMR No. 912625.

U.S. Court of Military Appeals.

Argued Feb. 3, 1994.

Decided July 20, 1994.

For Appellant: *Lieutenant David P. Sheldon*, JAGC, USNR (argued); *Captain Dwight H. Sullivan*, USMC.

For Appellee: *Major Laura L. Scudder*, USMC (argued); *Colonel T.G. Hess*, USMC, and *Commander S.A. Stallings*, JAGC, USN (on brief).

*Opinion of the Court*

COX, Judge:

Appellant stands convicted of wrongfully socializing with students while he was an instructor, maltreating a subordinate, wrongfully using marijuana, and committing consensual sodomy.[1] On appeal, appellant complains that referral of the charges against him was tainted by the vindictive motives of his commanding officer, who was the special court-martial (SPCM) convening authority. We granted review of the following issue:

WHETHER AN OFFICER WITH AN OTHER–THAN–OFFICIAL INTEREST

---

1. On July 8–9, 1991, appellant was tried by general court-martial before a military judge alone. Following mixed pleas, he was convicted of one specification which consolidated the 7 specifications referred to trial of wrongfully socializing with students while he was an instructor; 2 specifications of maltreating a subordinate consolidated into one; wrongfully using marijuana and sodomy (2 specifications each), in violation of Articles 92, 112a, 125, and 128, Uniform Code of Military Justice, 10 USC §§ 892, 912a, 925, and 928, respectively. He was sentenced to confinement for 8 months, total forfeitures, reduction to the lowest enlisted grade, and a bad-conduct discharge. The convening authority approved the sentence, and the Court of Military Review affirmed the findings and sentence. 36 MJ 660 (1992).

IN A CASE MAY MAKE THE DISCRE-TIONARY DECISION TO ORDER A PRETRIAL INVESTIGATION OF THE CHARGES AND THEN OFFICIALLY RECOMMEND THAT THE CHARGES BE REFERRED TO A GENERAL COURT–MARTIAL.

An Article 32, Uniform Code of Military Justice, 10 USC § 832, pretrial investigation into appellant's misconduct was ordered by Commander J.C. Van Dyke, USN, the acting Commanding Officer of the Naval Air Technical Training Center, Naval Air Station Memphis, Millington, Tennessee. Captain T.W. Finta, USN, the Commanding Officer, was absent. The investigating officer filed a report and recommended that appellant be tried by general court-martial. Captain Finta, a SPCM convening authority, forwarded the charges to the general court-martial (GCM) convening authority, Rear Admiral R.L. Rich, Jr., USN, Chief of Naval Technical Training, with a recommendation for a general court-martial. The staff judge advocate also recommended trial by general court-martial in his Article 34, UCMJ, 10 USC § 834, advice.

At trial, appellant made a "Motion to Dismiss All Charges and Specifications by Reason of Selective and Vindictive Prosecution." He made the following offers of proof, according to the court below:

Ms. Sherry Clay, now Mrs. Finta, was formerly employed as a bartender at the station golf course. The appellant, an avid golfer, was acquainted with Ms. Clay. The appellant and Ms. Clay were friends and bantered frequently. The content of the bantering was often sexual in nature by way of innuendo and double entendre. The appellant and Ms. Clay were not having an affair although people at the golf course might have held the opinion that they were. Captain Finta was aware of this opinion. On one occasion in the presence of witnesses, Captain Finta ordered the appellant to cease the bantering with Ms. Clay and to stay away from her. After the charges in this case were pre-

ferred, but before the pretrial investigation, Ms. Clay telephoned Captain Finta to intercede on the appellant's behalf. She was rebuffed by Captain Finta. Shortly prior to trial, Ms. Clay and Captain Finta married.

36 MJ at 662. Appellant argued Captain Finta was biased against him because of appellant's friendship with the former Ms. Clay, and Captain Finta, therefore, was disqualified to act on appellant's case. The military judge denied appellant's motion to dismiss.

■ On appeal, the Court of Military Review construed appellant's motion to dismiss to include a request to present witnesses. The court held that, if the military judge erred in not allowing appellant to call Captain and Mrs. Finta, appellant suffered no substantial prejudice. 36 MJ at 663.

We hold that the Court of Military Review erred. Appellant reasonably raised the issue of Captain Finta's possible bias against him. Thus, appellant was entitled to present evidence on the issue or have the military judge presume the correctness of his proffer. *See* 75 AmJur2d Trial § 436 (1991); *see generally* Art. 46, UCMJ, 10 USC § 846; RCM 703(b), Manual for Courts–Martial, United States 1984. Because the record has not been developed on the issue and presuming the truth of appellant's assertions of Captain Finta's bias, we cannot say appellant suffered no prejudice. Art. 59(a), UCMJ, 10 USC § 859(a).

■ Captain Finta occupied an essential position in the court-martial process, one that requires exercise of discretion, without bias, prejudice or disqualification. Upon receiving the investigating officer's recommendation, Captain Finta had the option of dismissing the charges against appellant; disposing of the charges through nonjudicial punishment, a summary court-martial, or a SPCM; or forwarding the charges to the GCM convening authority. RCM 404. Captain Finta chose to forward the charges to a higher authority. RCM 401(c)(2)(A) [2] requires com-

2. This Rule states: "When charges are forwarded to a superior commander for disposition, the

forwarding commander shall make a personal recommendation as to disposition. If the for-

manders who forward charges, unless disqualified from acting on the case, to submit a recommendation to the higher convening authority. If the SPCM convening authority is disqualified, he should advise the GCM convening authority of that fact. RCM 401(c)(2)(A). Captain Finta apparently did not consider himself to be disqualified from acting on appellant's case, and he forwarded the charges with a recommendation for a general court-martial.

Captain Finta's recommendation is not binding on the GCM convening authority. Nevertheless, we cannot assume Captain Finta's recommendation had no bearing on the ultimate decision to refer the charges against appellant to general court-martial. To do so would render the RCM 401(c)(2)(A) requirement that Captain Finta make a recommendation regarding disposition without tenor. Accordingly, we must assume the recommendation influenced the GCM convening authority's decision to refer the charges to a general court-martial.

Captain Finta's qualification to act on appellant's case was called into question, and the record fails to establish that Finta acted without improper motives. We cannot divine how a neutral SPCM convening authority would have acted under the same circumstances. The cloud of the alleged conflict of interest has not been removed. *See United States v. Gordon,* 1 USCMA 255, 262, 2 CMR 161, 168 (1952) (anyone with other than an official interest in a case prohibited from making decisions regarding that case).

The decision of the United States Navy–Marine Corps Court of Military Review is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Chief Judge SULLIVAN and Judges CRAWFORD and WISS concur.

warding commander is disqualified from acting as convening authority in the case, the basis for

GIERKE, Judge (dissenting):

I agree with the majority that the military judge erred by not obtaining evidence regarding the alleged disqualification of Captain Finta. I disagree, however, with the majority decision to set aside the findings and sentence. Accordingly, I dissent.

By setting aside the findings and sentence *without* determining whether Captain Finta was disqualified, we may be giving appellant a windfall in the form of a second chance to litigate the charges and a sentence rehearing at which the maximum imposable punishment will be the sentence previously adjudged. Article 59(a), Uniform Code of Military Justice, 10 USC § 859(a), mandates: "A finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." In this case we cannot determine if prejudicial error occurred. We appear to be establishing a presumption of prejudice based on bare assertions of counsel.

In this case the defense made an offer of proof; the prosecution disputed the defense's offer of proof; and the military judge made purported findings of fact with no evidence in the record. Appellant's assertions raise a collateral issue appropriate for resolution at a limited hearing. *See United States v. DuBay,* 17 USCMA 147, 149 n. 2, 37 CMR 411, 413 n. 2 (1967).

There is ample precedent for using a *DuBay* hearing to resolve collateral issues of the type before us in this case. In *United States v. Jeter,* 35 MJ 442 (1992), this Court relied on evidence adduced at a *DuBay* hearing ordered by the Court of Military Review and held that the convening authority was not disqualified. In *United States v. Lucy,* 6 MJ 265 (1979), this Court sanctioned use of a *DuBay* hearing to determine the reasons for the delay in the post-trial review. We held that "no error was committed in remanding the case for a limited hearing to determine the cause of the delay." 6 MJ at 265. Responding to our encouragement, the Courts

the disqualification shall be noted."

of Military Review have regularly used *Du-Bay* hearings to resolve collateral issues, including alleged disqualification of convening authorities. *See, e.g., United States v. Scott,* 20 MJ 1012 (ACMR 1985), and *United States v. Thompson,* 19 MJ 690 (ACMR 1984) (whether convening authority disqualified because of unlawful command influence); *see also United States v. Gaspard,* 35 MJ 678 (ACMR 1992) (whether convening authority personally selected court members); *United States v. Berman,* 28 MJ 615 (AFCMR 1989) (whether military judge disqualified because of intimate relationship with prosecutor); *United States v. Dancy,* 8 MJ 566 (NCMR 1979) (whether court-martial had jurisdiction in light of evidence that accused may have been unlawfully enlisted); *United States v. Taylor,* 3 MJ 947 (NCMR 1977) (whether attorney-client relationship improperly severed). Based on the foregoing precedents, I would order a *DuBay* hearing in this case.