UNITED STATES, Appellee,

v.

Warren L. DINGES, Captain, U.S. Air Force, Appellant.

No. 97–0597.
Crim.App. No. 32122.

U.S. Court of Appeals for the Armed Forces.

Argued May 12, 1998.

Decided Sept. 29, 1998.

For Appellant: *Charles W. Gittins* (argued); *Major Robin S. Wink* and *Major Ormond R. Fodrea.*

For Appellee: *Captain Steven D. Dubriske* (argued); *Colonel Brenda J. Hollis* (on brief); *Colonel Theodore J. Fink, Lieutenant Colonel Michael J. Breslin,* and *Captain Libby A. Brown.*

*Opinion of the Court*

EFFRON, Judge:

Consistent with pleas of guilty, a general court-martial comprised of a military judge alone convicted appellant of sodomy, in violation of Article 125, Uniform Code of Military Justice, 10 USC § 925. The military judge sentenced appellant to a dismissal, confinement for 5 months, and total forfeitures. The convening authority approved these results, and the Court of Criminal Appeals affirmed in an unpublished opinion.

This Court granted review of the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED BY FAILING TO FOLLOW THIS COURT'S DECISION IN *UNITED STATES v. NIX,* 40 MJ 6, 7 (CMA 1994), WHERE THE SPECIAL COURT–MARTIAL CONVENING AUTHORITY WHO ORDERED THE PRETRIAL INVESTIGATION, RECOMMENDED THE CHARGE BE REFERRED TO GENERAL COURT–MARTIAL, AND NOMINATED OFFICERS TO SIT AS MEMBERS OF APPELLANT'S COURT–MARTIAL HAD AN OTHER–THAN–OFFICIAL INTEREST IN APPELLANT'S PROSECUTION.

We hold that appellant has established an adequate basis to warrant further inquiry in order to determine the full facts that underlie this issue. *See United States v. DuBay,* 17 USCMA 147, 37 CMR 411 (1967).

## I. LEGAL STANDARD

Articles 22(b) and 23(b), UCMJ, 10 USC §§ 822(b) and 823(b), respectively, prohibit an "accuser" from convening a court-martial. *See* RCM 601(c), Manual for Courts–Martial, United States (1995 ed.). Article 1(9), UCMJ, 10 USC § 801(9), defines an "accuser" as "a person … who has an interest other than an official interest in the prosecution of the accused." The test is whether the person "was so closely connected to the offense that a reasonable person would conclude that he had a personal interest in the matter." *United States v. Gordon,* 1 USCMA 255, 261, 2 CMR 161, 167 (1952).

A convening authority who is an accuser under Article 1(9) is limited to forwarding the matter to a "competent authority superior in rank or command." RCM 601, Discussion. An accuser under Article 1(9) who is a special court-martial convening authority may not order charges investigated under Article 32, UCMJ, 10 USC § 832, and may not recommend a general court-martial when forwarding those charges to the general court-martial convening authority. *United States v. Nix,* 40 MJ 6, 7–8 (CMA 1994). When a "forwarding commander," including an accuser under Article 1(9), "is disqualified from acting as convening authority …., the basis for the disqualification shall be noted" in the forwarding documents. RCM 401(c)(2)(A); *accord Nix, supra* at 8.

## II. FACTS AND PROCEEDINGS IN THIS CASE

### A. *Matters Reflected in the Record of Trial*

In 1993, appellant was assigned to the Air Force Institute of Technology (AFIT), Wright Patterson Air Force Base, Ohio, with duty station at Norman, Oklahoma, in order to pursue doctorate studies in chemistry at the University of Oklahoma. While in Oklahoma, he volunteered as an assistant scoutmaster with a local troop of the Boy Scouts of America.

Appellant's volunteer status was terminated late in 1994 by Mr. Paul Moore, the Scout Executive of the Last Frontier Council in Oklahoma, because of appellant's alleged homosexual relationship with a 16–year–old Boy Scout. Although Mr. Moore reported these allegations to the state's Department of Human Services, it does not appear from the record that this information was transmitted at that time to the Air Force.

In May 1995, Mr. Moore received information indicating that appellant continued to have homosexual relationships with two boys appellant had met through his involvement in the past with scouting. Mr. Moore subsequently testified that, "[w]hen it became apparent to [him] that contact with the young people was going to likely continue, I had contact with an Air Force officer that I knew and asked whether anything could be addressed through Air Force channels."

Near the end of August 1995, appellant was transferred from AFIT at Wright Patterson AFB to Tinker AFB, Oklahoma, as a "special assistant" to the commander of the 72d Air Base Wing, Colonel (Col.) M. Appellant was assigned to the 72d Mission Support Group, a subordinate unit within Col. M's command.

On October 6, 1995, the commander of 72d Mission Support Group preferred a sodomy charge against appellant and forwarded the charge sheet to Col. M, who served as the special court-martial convening authority in appellant's chain of command. Col. M, directed that the charge be investigated under Article 32. In a report dated October 11, the investigating officer recommended trial by general court-martial. On October 25, Col. M forwarded the charge to the general court-martial convening authority, adding his own recommendation that the case be referred to a general court-martial. In addition, Col. M nominated a slate of officers to serve as members of appellant's ensuing general court-martial and forwarded that list, with the charge, to the general court-martial convening authority. In due course, the charge was referred to and tried before a general court-martial. Appellant initially pleaded not guilty. After the Air Force obtained immunity for the civilian participant in the charged sexual activity, appellant changed his plea to

guilty, and he was convicted and sentenced as described at the outset of this opinion.

B. *Matters Alleged In Appellate Filings*

Subsequent to his release from confinement, appellant represents that he learned of the relationship between Col. M, the special court-martial convening authority, and the Boy Scouts of America in Oklahoma. Specifically, he learned that Col. M was "District Chairman, Boy Scouts of America, Big Teepee District, Oklahoma."

Subsequently, the defense obtained information from enlisted personnel in Col. M's wing relating to appellant's transfer to that command in August 1995. Additionally, through a request under the Freedom of Information Act, 5 USC § 552, appellant obtained electronic mail records relating to that transfer and Mr. Moore's sworn statement to the Air Force Office of Special Investigations (AFOSI), dated July 12, 1995 (Def.App.Ex. E).[1] Based upon these materials, appellant has asserted the following: (1) Col. M was the person to whom Mr. Moore referred when he testified that he "had contact with an Air Force officer that [he] knew and asked whether anything could be addressed through Air Force channels"; (2) Mr. Moore contacted Col. M because of Col. M's Boy Scouts of America affiliation; (3) in response to Mr. Moore's approach, Col. M "indicated the Air Force would look into the case"; (4) although Col. M did not then have any command authority over appellant, he directed the AFOSI to investigate Mr. Moore's allegation; and (5) according to enlisted personnel in the 72d Air Base Wing, appellant's ensuing transfer to that command was at Col. M's request.

## III. ANALYSIS

At the heart of the granted issue is the following question: Was Col. M so closely connected with this offense that a reasonable person would conclude that he had a personal interest in this case? *See United States v. Gordon, supra.* If so, then Col. M would have been disqualified from acting as the special court-martial convening authority and would have been required to so advise the general court-martial convening authority. *See* Arts. 1(9), 22(b), and 23(b); *United States v. Nix, supra;* RCM 401(c)(2)(A).

Appellant's representations below and in this Court allege that Col. M was not merely a participant in an outside organization that had an interest in appellant's case, but that he received a personal approach by a civilian leader of that organization and was asked for help to resolve this matter; that the approach was made because of his leadership in the organization; and that he affirmatively reached out to obtain command—and special court-martial authority—over appellant.

If the facts are as represented by appellant and were unknown by appellant at the time of trial, they would raise a substantial question as to whether Col. M was so closely connected to the offense that a reasonable person would conclude that he had a personal interest in this case.[2] *See United States v. Gordon, supra.*

While appellant's representations tend to be supported by exhibits admitted at the Court of Criminal Appeals and in this Court, none has been tested in the crucible of an adversary proceeding.[3] Neither has there been opportunity to examine those matters in the context of other circumstances that might bear on the question of whether Col. M's involvement was official or personal for purposes of the applicable provisions of the Code and the Manual. With the case in this posture, the record does not provide an ade-

---

1. This exhibit was admitted on motion granted by order of this Court dated June 3, 1997. 47 MJ 67.

2. Usually, "[n]onjurisdictional defects in the preferral, forwarding, and referral process are waived if not raised prior to entry of pleas. RCM 905(e)." *United States v. Corcoran,* 40 MJ 478, 484 (CMA 1994). Here, however, appellant represents that he had no knowledge until well after

trial of the information potentially disqualifying Col. M from acting as the special court-martial convening authority. Under these circumstances, invocation of waiver at this point would be inappropriate.

3. To date, for example, the Government has not produced an affidavit from Col. M, although it did offer affidavits from other, less critical players.

quate factual basis upon which to resolve appellant's claim of legal error. Further factfinding is required.

## IV. DECISION

The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for further proceedings under *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967). *See United States v. Polk*, 32 MJ 150, 152 (CMA 1991).

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.